IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| CURTIS SCOTT WILLIAMS,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TERRY THOMPSON et al.,<br><br>　　　　　Defendants. | **MEMORANDUM DECISION &<br>DISMISSAL ORDER**<br><br>Case No. 1:17-CV-8-CW<br><br>District Judge Clark Waddoups |

## BACKGROUND

- November, 2016　　Plaintiff incarcerated at Weber County Jail (WCJ). (Doc. No. 25.)

- January 20, 2017　　Plaintiff files Complaint, alleging inadequate medical treatment by WCJ defendants after November 2016. (Doc. No. 3.)

- November 8, 2017　　Plaintiff filed change of address. (Doc. No. 11.)

- February 9, 2018　　The Court ordered service of process on Defendants. Defendants were ordered to file in sequence answer, *Martinez* report, and dispositive motion. (Doc. No. 12.) The Order further stated, "If served with a *Martinez* report and a summary-judgment motion or motion to dismiss, Plaintiff *must* file a response within thirty days." (*Id*. (emphasis added).)

- March 7, 2018　　Defendants filed answer. (Doc. No. 16.)

- March 14, 2018　　Defendant Woods filed motion to dismiss. (Doc. No. 21.)

- June 19, 2018　　Defendants filed *Martinez* report. (Doc. No. 24.)

- June 19, 2018　　Defendants filed Motion for Summary Judgment. (Doc. No. 25.)

- January 3, 2019    Plaintiff ordered to within thirty days show cause why this action should not be dismissed for failure to prosecute and file responses. (Doc. No. 35.)

The Court has not heard from Plaintiff since November 8, 2017 (fifteen months ago).

## ANALYSIS

Federal Rule of Civil Procedure 41(b) allows involuntary dismissal of an action "[i]f the plaintiff fails to prosecute or to comply with . . . a court order." Fed. R. Civ. P. 41(b). This Court may dismiss actions *sua sponte* for failure to prosecute. *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) ("Although the language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions *sua sponte* for a plaintiff's failure to prosecute or comply with . . . court orders."); s*ee also Link v. Wabash R.R. Co.*, 370 U.S. 626, 630 (stating court has inherent authority to clear "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief"); *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988) ("Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from the courts' calendars where there has been prolonged and unexcused delay.").

Generally, "a district court may, without abusing its discretion, [dismiss a case without prejudice] without attention to any particular procedures." *Nasious v. Two Unknown B.I.C.E. Agents at Araphoe County Justice Ctr.*, 492 F.3d 1158, 1162 (10th Cir. 2007). But, a dismissal without prejudice is effectively a dismissal with prejudice if the statute of limitations has expired on the dismissed claims. *Gocolay v. N.M. Fed. Sav. & Loan Ass'n*, 968 F.2d 1017, 1021 (10th Cir. 1992). Thus, the Court must determine if the statute of limitations has expired on Plaintiff's claims if he were to refile them after dismissal.

"Utah's four-year residual statute of limitations . . . governs suits brought under [§] 1983." *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995). And "[a]ctions under § 1983 normally accrue on the date of the [alleged] constitutional violation," *Garza v. Burnett*, 672 F.3d 1217, 1219 (10th Cir. 2012), as § 1983 claims "accrue when the plaintiff knows or has reason to know of the injury that is the basis of the action." *Workman v. Jordan*, 32 F.3d 475, 482 (10th Cir. 1994). The Court notes that "[a] plaintiff need not know the full extent of his injuries before the statute of limitations begins to run," *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 969 (10th Cir. 1994); *see also Romero v. Lander*, 461 F. App'x 661, 669 (2012) (section 1983 case), and "it is not necessary that a claimant know *all* of the evidence ultimately relied on for the cause of action to accrue." *Baker v. Bd. of Regents of State of Kan.*, 991 F.2d 628, 632 (10th Cir. 1993) (emphasis in original).

Applying the four-year statute of limitations to this case, the Court concludes Plaintiff's claims at this point would not be barred as untimely if refiled after dismissal. Plaintiff's claims arise from alleged events occurring after he arrived at Weber County Jail in November 2016. Thus, a dismissal here would not operate as a dismissal with prejudice.

## CONCLUSION

Having assessed Plaintiff's failure to prosecute this case and file responses, the Court concludes that dismissal is appropriate.

IT IS THEREFORE ORDERED that the complaint is DISMISSED without prejudice. This action is CLOSED.

DATED this 4th day of February, 2019.

BY THE COURT:

*[signature]*

JUDGE CLARK WADDOUPS
United States District Court